**TEXAS CONSTRUCTION SERVICE COMPANY OF AUSTIN et al.,**
Appellants,

v.

**RAILROAD COMMISSION OF TEXAS et al., Appellees.**

No. 5508.

Court of Civil Appeals of Texas, Waco.

March 18, 1976.

Rehearing Denied April 15, 1976.

Lanham, Hatchell & Sedberry, Joe T. Lanham, Austin, Sayers, Scurlock, Binion & Brackett, Ft. Worth, for appellants.

John L. Hill, Atty. Gen., Rex H. White, Jr., Asst. Atty. Gen., Robinson, Felts, Starnes & Nations, Austin, for appellees.

## OPINION

McDONALD, Justice.

This is an appeal by plaintiffs Texas Construction Service Company, National Transport Corporation, and Cletex Trucking, Inc., from judgment of the trial court upholding an order of the Railroad Commission granting San Antonio Trucking Company authority to "transport lime in bulk, between all points in Texas".

Plaintiffs filed this suit against defendants Railroad Commission and San Antonio Trucking, alleging plaintiffs owned specialized motor carrier certificates issued by defendant Commission, to "haul lime in bulk between all points in Texas", that defendant San Antonio Trucking had sought authority of the Railroad Commission to transport "lime in bulk, between all points in Texas"; that plaintiffs had opposed the granting of such authority; that the Commission issued final order authorizing San Antonio Trucking such authority; that such order is unlawful, arbitrary and capricious as to plaintiffs, denies them rights guaranteed under the U.S. and Texas Constitutions; and that it was not established by substantial evidence before the Commission that: a) the services and facilities of existing carriers serving the territory are inadequate; b) there exists a public necessity for such services, and; c) the public convenience will be promoted by granting the application; (as required by Sec. 5a(d) Article 911b V.A.T.S.).

Trial before the court resulted in judgment upholding the order of the Commission granting San Antonio authority to "transport lime in bulk, between all points in Texas".

■ Texas Construction appeals on 8 points, and National Transport and Cletex appeal on 4 points, contending the trial court erred in upholding the Commission's order because:

1) Such order was not reasonably supported by substantial evidence.

2) Such order does not contain findings of fact as required by statute.

Article 911b, Section 5a(d) provides * * *:

"The Commission shall have no authority to grant any application for a certificate

of convenience and necessity authorizing operation as a "Specialized Motor Carrier" or any other common carrier unless it is established by substantial evidence 1) that the services and facilities of the existing carriers serving the territory or any part thereof are inadequate; 2) that there exists a public necessity for such service, and 3) the public convenience will be promoted by granting said application. The order of the Commission granting said application and the certificate issued thereunder shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service".

And in judicial review of a Railroad Commission order, the court does not substitute its judgment for that of the administrative agency. The question for the courts is whether the contested order is reasonably supported by substantial evidence. The test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the Railroad Commission must have reached in order to justify its action. *Auto Convoy Co. v. Railroad Commission of Texas*, S.Ct., 507 S.W.2d 718.

All evidence before the Commission was admitted as original evidence in the trial court.

■ There are only six plants in Texas producing bulk lime. Appellants are the only specialized motor carriers in Texas authorized to transport bulk lime. Three of the producers of bulk lime, McDonough Brothers (which operates a plant at San Antonio), Texas Lime Company (which operates 2 plants near Cleburne), and Round Rock Lime Company (which operates plants at Round Rock and Blum) supported the application of San Antonio Trucking.

There is evidence that during the past 1½ years Texas Lime has had difficulty in securing the transportation of its lime; that on a great number of days Texas Lime has been unable to secure trucks to effect deliveries; that during February thru April 1974, on 50% of the shipping days insufficient equipment was available to handle the loads to be shipped.

During February thru June 1974, Round Rock Lime daily sought equipment from Cletex but did not receive sufficient equipment to meet its shipping needs; and as a consequence cannot meet its contractual commitments.

Texas Lime has experienced a recurring inability to secure trucks from National. National reported to Texas Lime no trucks were available on most days February thru April 1974; Texas Lime has experienced increasing difficulty in getting its material delivered for the past 1½ years.

Round Rock Lime during January thru April 1974, daily sought the services of National but insufficient equipment was provided to meet its demands. National failed to supply trucks when needed, and Round Rock lost business because of such failure.

McDonough finds shortage of equipment from National to be a very common occurrence for the past 2 years. National has admitted to McDonough it has insufficient equipment to meet McDonough's needs.

Texas Lime has recurring inability to secure trucks from Texas Construction. During early 1974 Texas Construction could not supply trucks on most days in February thru April. Round Rock calls Texas Construction daily, but has been unsuccessful in securing enough trucks. Service from Texas Construction is inadequate.

Appellants admit that for a period their service was inadequate, but blame it on low rates authorized by the Railroad Commission, bad weather, the poor quality of some of the lime offered for hauling, and other causes.

We think there was substantial evidence before the Commission that the only 3 bulk lime carriers in Texas are either incapable or unwilling to provide a reasonably adequate service. No member of the shipping or receiving public testified before the Commission to attest satisfaction with appellants' services. We think there was sub-

stantial evidence to support its order authorizing San Antonio Trucking to transport bulk lime between all points in Texas.

The order of the Commission adopts the report of the examiner which is in evidence. Pages 37 thru 42 contain the Findings of Fact. Some of the Findings of Fact are: Texas Lime, Round Rock Lime, and McDonough are among the largest producers of lime in Texas and their production constitutes a significant portion of the State's total lime output. Their products are not receiving· an adequate transportation service in the movement of lime in bulk between points in Texas. There follows findings of the inadequacies of each of the 3 appellants; that a clear public necessity exists for the additional service which applicant has proposed; that the public conveniences will be promoted by a grant of this application and the institution of the service as proposed by applicant; and that the applicant has demonstrated in an exhaustive fashion that it is financially able and capable of rendering the service. Without detailing all of the Commission's findings we hold they are sufficient under the statute and under the requirements of *Morgan Drive Away, Inc. v. Railroad Commission of Texas,* S.Ct., 498 S.W.2d 147.

All appellants' points and contentions have been considered and are overruled.

AFFIRMED.